UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| H.S.F., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.    24-CV-01708-SRW |
| | ) | |
| CITY OF BELLE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

Plaintiff H.S.F., by counsel W. Bevis Schock, moves for leave to proceed under pseudonym, as follows:

Plaintiff H.S.F. filed her Complaint, (ECF No. 1) on December 20, 2024.

Paragraph 1 of the First Amended Complaint, which is based on 42 U.S.C. 1983, contains an introductory statement of the facts and reads:

> Plaintiff had car trouble and parked in the Belle, Missouri City Park. She called the non-urgent police line, and Belle Officer Erican B. Sugg responded. Eventually Sugg and Plaintiff agreed that he would drive her to her nearby mother-in-law's house. Plaintiff sat in the back seat. During the drive Sugg reached back and began to touch Plaintiff's upper left thigh. She said "No." He then forcefully and aggressively used his palm and fingers to sexually fondle her private parts, outside her clothes. The City of Belle hired Sugg even though he had a history of sexual assault.

**Balancing Test - Factors**

The question before the court is whether the Plaintiff has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings, see *Doe v. Washington*, 652 F.Supp 3d 1043, (E.D.Mo. 2023), all with due regard to Fed.R.Civ.P. 10(a), title of complaint must name all parties, and Fed. R. Civ. P. 17(a), the action

must be prosecuted in the name of the real party at interest, which together create a presumption against using a pseudonym. The factors to be considered, and Plaintiff's position as to each is:

1. Whether Plaintiff is challenging government activity. Plaintiff is indeed challenging government activity, to wit, a sexual assault by the individual Defendant, and the City hiring him even though he had a history. This factor is in Plaintiff's favor.

2. Whether Plaintiff is disclosing information of utmost intimacy. The touching of Plaintiff by the individual Defendant is a matter of the utmost intimacy, for it is embarrassing and involves a private part of her body. This factor is in Plaintiff's favor.

3. Whether Plaintiff risks criminal prosecution for the information alleged in the complaint. Plaintiff does not risk criminal prosecution. This factor is not in Plaintiff's favor.

4. Whether Plaintiff risks social stigma or physical threats. Plaintiff risks social stigma because of the nature of the assault but does not risk physical threats. On balance, although admittedly closer, this factor is in Plaintiff's favor.

5. Whether Plaintiff is particularly vulnerable. Plaintiff is an adult, mentally competent female and is not particularly vulnerable. This factor is not in Plaintiff's favor.

## Issue Of Severe Harm

Plaintiff must also show under *Doe v. Washington University*, 652 F.Supp.3d at 1046:

1. Whether Plaintiff has fear of severe harm. Plaintiff has severe fear of exposure of her name to the community with the accompanying embarrassment over the fact that the individual Defendant touched her body with no legitimate government purpose.

2. Whether the Plaintiff's fear of severe harm is reasonable. Plaintiff's fear of severe harm is reasonable because any reasonable person would desire to keep such an embarrassing situation private.

Plaintiff understands that if the case proceeds to trial the court may require her to state her names for purposes of voir dire and when she begins her testimony.

## CONCLUSION

Three of the five factors are in Plaintiff's favor, and the requirements are met. Plaintiff therefore suggests that she has overcome the presumption against proceeding by pseudonyms.

## PRAYER

WHEREFORE, Plaintiff prays the court to allow her to proceed by pseudonyms.

Respectfully Submitted,

  /s/ W. Bevis Schock   .
W. Bevis Schock, 32551MO
Attorney for Plaintiff
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice:  314-726-2322

CERTIFICATE OF SERVICE

The undersigned certifies that on February 20, 2025, he served this document on:
All counsel of record, by electronic filing.
  /s/ W. Bevis Schock   .