UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| H.S.F., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-CV-01708-SRW |
| | ) | |
| CITY OF BELLE, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR HEARING AND, IF PROVEN, SANCTIONS, INCLUDING STRIKING OF PLEADINGS AND DEFAULT JUDGMENT, REGARDING DEFENDANT'S APPARENT VIOLATION OF E.D.MO. L.R. 6.04(A) REQUIRING CONFIDENTIALITY OF MEDIATION PROCEEDINGS**

Plaintiff H.S.F., by counsel W. Bevis Schock, moves for a hearing and, if proven, sanctions, including striking of pleadings and default judgment, regarding Defendant's apparent violation of E.D.Mo. L.R. 6.04(A) regarding confidentiality of mediation proceedings.

In this 42 U.S.C. 1983 case Plaintiff asserts that Belle Police Officer Erican Suggs violated Plaintiff's civil rights when he inappropriately touched her while she was in the back of his patrol car. There is also a Monell claim against the City of Belle for inadequate hiring.

On September 30, 2025 the parties engaged in a mediation with Bradley Winter as mediator. The mediation was unsuccessful. The case is now set for trial November 2, 2026.

The current elected Sheriff of Maries County, Mark Morgan, is a material witness in the case for he was a police officer in Belle at the time of the incident and he investigated Plaintiff's original allegations. He also has knowledge of many relevant related facts. At pp. 5-6 of his deposition he acknowledged that he is a close friend of Defendant;

Q. How long have you been a close friend of Mr. Suggs?
A. Since hiring him. I want to say 2018 time frame approximately.

Also during the deposition at p. 24 he stated that he believes Defendant's version of the events:

> Q. Do you think he -- do you think that Erican Sugg inappropriately touched [H.S.F.] in the back of that patrol car on January 13th, 2024?
>
> A. No, sir, I do not.

On or about July 31, 2026 Morgan posted on Facebook a long statement outlining many aspects of the case, all strongly supporting Defendant side of the matter. When printed out the Post goes on for six pages. On p. 5 appears the following, referencing Plaintiff as the "female:"

> The same male and female are now involved in litigation against the City of Belle regarding the complaint against this police officer. It is my understanding they are seeking over [redacted] dollars in connection with the complaint against that officer.

The redacted number is almost exactly the demand which Plaintiff made at the mediation. Undersigned counsel has inquired of Plaintiff and her husband whether they have ever disclosed that number, or ever authorized disclosure of that number. Each has denied same and will testify consistent therewith at any hearing. Undersigned counsel has not disclosed the number and presumes the same of the other attorneys and the mediator. That leaves Defendants.

E.D.Mo. L.R. 604(A), which is required by 28 U.S.C. 652, states in relevant part:

> (A) Confidentiality. **Alternative dispute resolution proceedings are private and confidential**. A neutral may exclude all persons other than the named parties and their counsel from ADR conferences. Other individuals may participate with the consent of the neutral, provided they agree to the rules pertaining to confidentiality. **All written and oral communications made or disclosed to the neutral are confidential and may not be disclosed by the neutral, any party, or other participant, unless the parties otherwise agree in writing.** (Emphasis added).

The mediation agreement, on information and belief signed by Defendants, also required confidentiality, § III.

Plaintiffs at this time have no knowledge of how Mr. Morgan obtained the number. Plaintiffs therefore ask the court to conduct a hearing and determine the answer to that question.

If it turns out that Defendants were a source of the disclosure, Plaintiff asks for sanctions, including striking of pleadings and entry of default judgment. See *U.S. on Behalf of & for Use of*

*Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993) where default may be appropriate for willful violations of court rules, contumacious conduct, or intentional delays.

In *Hand v. Walnut Valley Sailing Club*, 475 F. App'x 277, 278 (10th Cir. 2012), Plaintiff sued over an ADA violation, and after an unsuccessful mediation Plaintiff wrote to members of Defendant sailing club with details of the mediation including the Club's settlement offer. As a sanction the district court dismissed Plaintiff's case, and the Tenth Circuit affirmed the dismissal:

> the district court held that no sanction short of dismissal "would adequately admonish [Mr. Hand] for his complete disregard for and willful violation of the confidentiality rule, deter similar conduct by others in the future, restore respect for [the] Court's authority, repair the damage caused by [Mr. Hand] to the integrity of the Court's ADR program, and minimize prejudice to the [club]."

A default judgment and a dismissal are functionally the same. *Est. of Spear v. Comm'r*, 41 F.3d 103, 109 (3d Cir. 1994)

WHEREFORE, Plaintiff prays the court to conduct a hearing into the disclosure of Plaintiff's settlement demand at mediation, and if it has come from Defendants, to strike Defendants' pleadings and enter default judgment.

Respectfully Submitted,

/s/ W. Bevis Schock .

W. Bevis Schock, 32551MO
Attorney for Plaintiff
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO 63105
wbschock@schocklaw.com
Fax: 314-721-1698
Voice: 314-726-2322

CERTIFICATE OF SERVICE

The undersigned certifies that on August 4, 2026 he served this document on:
All counsel of record, by electronic filing.

/s/ W. Bevis Schock .